## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Brent Michael Woody,                                    Civ. No. 16-862 (DWF/BRT)

                      Plaintiff,

v.

                                             **AMENDED REPORT AND**
                                             **RECOMMENDATION**
                                             **CORRECTING NAME OF PLAINTIFF**

United States Bureau of Prisons,
a United States Agency; Thomas R. Kane, Ph.D.,
in his official capacity as Acting Director of the
Federal Bureau of Prisons; Dr. Deborah G.
Schult, in her official capacity as the Assistant
Director for the Health Services Division of the
Federal Bureau of Prisons; Mitchel Holliday,
RD, USPHS, in his official capacity as the
Nutrition Specialist with the Health Services
Division of the Federal Bureau of Prisons; Sara
M. Revell, in her official capacity as the
Regional Director of the North Central Region
of the Federal Bureau of Prisons; Paul Harvey,
M.D., in his official capacity as the Regional
Medical Director for the North Central Region
of the Federal Bureau of Prisons; Leann LaRiva,
in her official capacity as the Warden of Federal
Medical Center-Rochester; Dr. Sheila Hadaway,
in her official capacity as the clinical director of
Federal Medical Center-Rochester; Dr. Lon
Krieg, in his official capacity as a treating
physician at Federal Medical Center-Rochester;
and Kathy Mayhew, in her official capacity as a
dietician at Federal Medical Center-Rochester,

                      Defendants.

Barnett I. Rosenfield, Esq., Minnesota Legal Aid; and Steven C. Schmidt, Esq., Mid-
Minnesota Legal Aid, counsel for Plaintiff.

Friedrich A. P. Siekert, Esq., United States' Attorney's Office, counsel for Defendants.

BECKY R. THORSON, United States Magistrate Judge.

This matter is before this Court on Defendants' motion to dismiss the Amended Complaint for lack of subject-matter jurisdiction and/or for failure to state a claim upon which relief can be granted. (Doc. No. 43.) A hearing was held on this motion on November 2, 2016. (Doc. No. 51.) For the reasons stated below, this Court recommends that the motion to dismiss be denied.

## I.    Background

The Plaintiff, Brett Michael Woody, is a 33-year-old federal prisoner who suffers from a condition known as Phenylketonuria (PKU), a rare genetic disorder where a deficient enzyme prevents the body from metabolizing the amino acid Phenylalanine (Phe). Over time, high levels of Phe cause cognitive delays, mood disorders, and other neurological problems. (Doc. No. 39, Am. Compl. ¶ 25.) To treat PKU, individuals must receive a strict low protein diet to limit their Phe intake. (*Id.* ¶ 26.)

Plaintiff is currently incarcerated at FMC-Rochester, one of six Medical Referral Centers within the United States Bureau of Prisons. (*Id.* ¶ 24.) Plaintiff was sent to FMC-Rochester because of concerns addressed at sentencing regarding the management of his PKU. (*Id.* ¶¶ 29–33.) Plaintiff has been an inmate at FMC-Rochester since April 2012 and is sentenced to remain in prison until 2024. (*Id.* ¶ 23.)

Defendants are the Bureau of Prisons ("BOP") and nine BOP officials, all sued in their official capacities. Plaintiff alleges that Defendants' failure to treat his condition with adequate nutrition and care constitutes cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff also alleges that Defendants' failure to accommodate his

disability violates § 504 of the Federal Rehabilitation Act, 29 U.S.C. § 794. Plaintiff

seeks declaratory and injunctive relief, not money damages.

Defendants move to dismiss the Eighth Amendment claim for lack of subject-

matter jurisdiction, arguing that there has been no waiver of sovereign immunity for

constitutional violations committed by the BOP or BOP employees in their official

capacities. Fed. R. Civ. P. 12(b)(1). Defendants move to dismiss the Section 504 claim

for failure to state a claim or, in the alternative, for lack of subject-matter jurisdiction

because Plaintiff failed to exhaust the available administrative remedies as required by

the Prison Litigation Reform Act ("PLRA").

## II.      Analysis

### A.      Eighth Amendment Claim – Sovereign Immunity

Under Rule 12(b)(1), Defendants mount a facial attack on the Court's subject-

matter jurisdiction over Plaintiff's Eighth Amendment claim. In a facial attack, "'the

court restricts itself to the face of the pleadings, and the non-moving party receives the

same protections as it would defending against a motion brought under Rule 12(b)(6).'"

*Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quoting *Osborn v. United

States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). Thus, this Court must "accept as true all

facts alleged in the complaint." *Id.*

"Federal courts generally lack jurisdiction to hear claims against the United States

because of sovereign immunity." *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir.

2006).  Sovereign immunity bars claims against federal officials in their official

capacities unless a waiver of sovereign immunity is "'unequivocally expressed.'"

*Hagmeier v. Block*, 806 F.2d 197, 202 (8th Cir. 1986) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Plaintiff argues that the requisite waiver is found in § 702 of the Administrative Procedures Act, which provides that:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief *other than money damages* and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702 (emphasis added). Thus, § 702 "expressly waives sovereign immunity as to any action for nonmonetary relief brought against the United States." *Raz v. Lee*, 343 F.3d 936, 938 (8th Cir. 2003). This waiver "is not limited to APA cases" and applies "regardless of whether the elements of an APA cause of action are satisfied." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 187 (D.C. Cir. 2006); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1233 (10th Cir. 2005) ("This waiver is not limited to suits under the [APA].").

Defendants argue that the § 702 waiver does not apply because there has been no "final agency action" pursuant to 5 U.S.C. § 704. This argument is based on the faulty premise that Plaintiff is bringing suit *under* the APA for judicial review of an agency action. Plaintiff "does not seek judicial review of an agency decision under the APA. Instead, he seeks the Court's assistance to remedy what he considers to be continuing

4

constitutional violations by federal employees in their official capacities." *Taylor v. Rice*, Civil No. 10-4746 (SRN/JJG), 2012 WL 246014, at *7 (D. Minn. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 246038 (D. Minn. Jan. 25, 2012). In other words, Plaintiff relies on the waiver of sovereign immunity set forth at Section 702 of the APA in order to bring a constitutional claim against the United States for injunctive and declaratory relief.

The § 702 waiver relied upon by Plaintiff "is not dependent on application of the procedures and review standards of APA. It is dependent on the suit against the government being one for non-monetary relief." *Red Lake Band of Chippewa Indians v. Barlow*, 846 F.2d 474, 476 (8th Cir. 1988). Thus, "§ 702's waiver of sovereign immunity extends to all non-monetary claims against federal agencies and their officers sued in their official capacity, regardless of whether plaintiff seeks review of 'agency action' or 'final agency action' as set forth in § 704." *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 672 (6th Cir. 2013). Circuits addressing the "interplay between § 702 and § 704" are "unanimous in their conclusion that a plaintiff who seeks non-monetary relief against the United States need not also satisfy the requirements of § 704 of the APA before there is a waiver of sovereign immunity." *Id.* at 673–74 (citing *Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 397 (3d Cir. 2012); *Michigan v. United States Army Corps. of Eng'rs*, 667 F.3d 765, 775 (7th Cir. 2011); *Trudeau*, 456 F.3d at 187; *Red Lake Band*, 846 F.2d at 476; and *Delano Farms Co. v. Cal. Table Grape Comm'n*, 655 F.3d 1337, 1344 (Fed. Cir. 2011)).

Defendants also argue that judicial review is precluded by 18 U.S.C. § 3625 because Plaintiff's Eighth Amendment claim touches upon the BOP's power as authorized by this section. Section 3625 provides that the "provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." The phrase "this subchapter" refers to subchapter C, 18 U.S.C. §§ 3621–3626, which generally govern BOP authority with respect to federal prisoners. Section 3621(b), for example, provides that the BOP "shall designate the place of the prisoner's imprisonment," taking into account the "resources of the facility contemplated," the "nature and circumstances of the offense," the "history and characteristics of the prisoner," and "any statement by the court that imposed the sentence."

The Supreme Court, however, has held that "where Congress intends to preclude judicial review of constitutional claims, its intent to do so must be clear." *Webster v. Doe*, 486 U.S. 592, 603 (1988). At least one district court has rejected the argument made here by the Defendants, concluding § 3621 does not explicitly preclude review of constitutional claims:

> Even assuming that BOP's decision was made under 18 U.S.C. § 3621, the Court is not reviewing the merits of BOP's decision as to *where* Royer is housed, but the constitutionality of the conditions of confinement it places on him regardless of where he is housed. Colorable constitutional claims are precluded from judicial review only where this has been made explicit by Congress. Here, Congress has precluded review of BOP "determination[s], decision[s], or order[s]" as to a prisoner's place of imprisonment. However, Congress has not explicitly precluded review of *constitutional* claims based on these or similar decisions.

6

*Royer v. Fed. Bureau of Prisons*, 933 F. Supp. 2d 170, 181 (D.D.C. 2013) (emphasis in

original). This Court agrees with this analysis. Section 3625 does not explicitly remove

constitutional claims from the ambit of judicial review.

Defendants argue that the legislative history of § 3625 points to the opposite

conclusion. The Senate Report states:

> This section makes clear that certain of the provisions of the [APA] do not
> apply to any determination, decision, or order of the Bureau of Prisons.
> This result is in accord with recent case law, and will assure that the Bureau
> of Prisons is able to make decisions concerning the appropriate facility,
> corrections program, and disciplinary measures for a particular prisoner
> *without constant second guessing*.

Senate Report 98-225, P.L. 98-473, Comprehensive Crime Control Act of 1984, 1983

WL 25404, at *149 (Aug. 4, 1983) (emphasis added). However, the very next sentence of

the Report states that § 3625 "would not eliminate, and is not intended to eliminate,

constitutional challenges by prisoners under the appropriate provisions of law." *Id.* The

legislative history, therefore, supports the conclusion that § 3625 does not preclude

judicial review of Plaintiff's Eighth Amendment claim.

Next, Defendants argue that the waiver does not apply in this case because the

"agency action" at issue is "committed to agency discretion by law." 5 U.S.C.

§ 701(a)(2). Under § 701(a)(2), "review is not to be had if the statute is drawn so that a

court would have no meaningful standard against which to judge the agency's exercise of

discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). The standards governing

Eighth Amendment claims are long-standing and well-established in this context. *See,*

*e.g.*, *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (prisoner must show that the

food he receives is "nutritionally inadequate or prepared in a manner presenting an

immediate danger to his health, or that his health suffered as a result of the food"). This body of caselaw establishes a "meaningful standard" against which to judge the BOP's treatment of Plaintiff. As one court observed, "the Bureau of Prisons does not have the discretion to decide whether or not to abide by constitutional protections." *Rice v. Smith*, No. Civ. 1:CV-04-1658, 2005 WL 2430958, at *1 (M.D. Pa. Sept. 30, 2005) (rejecting the argument that § 701(a)(2) precludes judicial review of Eighth Amendment claims).

Finally, Defendants argue that Plaintiff's action is a mandamus action under 28 U.S.C. § 1361. Characterized as such, Defendants argue that Plaintiff cannot meet the so-called *Larson-Dugan* exception to sovereign immunity under § 1361.

> There may be, of course, suits for specific relief against officers of the sovereign which are not suits against the sovereign . . . . [W]here the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions. The officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden. His actions are ultra vires his authority and therefore may be made the object of specific relief.

*Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949); *see also Dugan v. Rank*, 372 U.S. 609, 622 (1963).

Plaintiff, however, is not pursuing mandamus relief. This is important because "federal district courts now have jurisdiction over claims by federal prisoners against federal prison officials seeking vindication of their constitutional rights under *either* 28 U.S.C. § 1331"—the general grant of federal subject-matter jurisdiction—"*or* 28 U.S.C. § 1361, and may obtain relief in the nature of *either* injunction or mandamus." *Simmat*, 413 F.3d at 1236 (emphasis added). While "these forms of relief may be interchangeable," *id.*, Plaintiff "need not rely on the mandamus statute" to pursue

injunctive relief against BOP officials. *Taylor*, 2012 WL 246014, at *8. Here, Plaintiff

relies on the "inherent authority to issue injunctive relief that emanates from § 1331," not

the mandamus statute. *Id.*; *see also Vazquez v. Nagel*, No. 10-4217 (JNE/TNL), 2012 WL

1593199, at *8 n.9 (D. Minn. Feb. 13, 2012). Accordingly, the Court may exercise

jurisdiction over Plaintiff's Eighth Amendment claim.

### B.      Section 504 Claim – Exhaustion of Administrative Remedies

Defendants argue that Plaintiff's § 504 claim should be dismissed because

Plaintiff failed to exhaust available administrative remedies as required by the PLRA.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under §

1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). The purpose of this requirement is to allow "prison

officials an opportunity to resolve disputes concerning the exercise of their

responsibilities before being haled in to court." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

Defendants concede, for purposes of this motion, that Plaintiff exhausted the

internal administrative remedies available to him through the BOP. 28 C.F.R. §§ 542.10–

542.19. Even so, Defendants argue that Plaintiff's Section 504 claim should be dismissed

because Plaintiff did not file a complaint with the Department of Justice's Equal

Employment Opportunity Office. *See* 28 C.F.R. § 39.170 (describing the "DOJ EEO

Complaint Process").[1] In support of this argument, Defendants submitted a letter from a

---

[1]      Some cases have held that the PLRA only requires the exhaustion of internal grievance procedures. *See, e.g.*, *Veloz v. New York*, 339 F. Supp. 2d 505, 518 (S.D.N.Y.

(Footnote Continued on Next Page)

BOP attorney to Plaintiff's counsel, dated September 9, 2014, stating that the "United States Department of Justice and the Federal Bureau of Prisons has various administrative processes for an inmate to raise issues of concerns, including the agency's Administrative Remedy Program, the Federal Tort Claim Act process, and disability complaint procedures." (Doc. No. 50, Decl. of Friedrich A. P. Siekert ("Siekert Decl."), ¶ 3 Ex. A at 1-2.) The letter concludes by encouraging Plaintiff and his counsel to "review the various processes and the time frames set forth in those particular administrative procedures." (*Id.* at 2.)

Defendants argue that this Court can consider this letter in connection with their motion under Rule 12(b)(1) to show that Plaintiff had additional administrative remedies available yet failed to exhaust them. First, it is well-established that "[u]nder the [PLRA], failure to exhaust the available administrative remedies is an affirmative defense, not a matter of subject matter jurisdiction." *Lenz v. Wade*, 490 F. 3d 991, 993 n.2 (8th Cir. 2007). Therefore, this Court will treat this motion as a Rule 12(b)(6) motion and will not

---

(Footnote Continued from Previous Page)
2004) ("Requiring prisoners to grieve with external agencies does not serve the underlying purpose of the exhaustion requirement."); *Parkinson v. Goord*, 116 F. Supp. 2d 390, 398–99 (W.D.N.Y. 2000). Other cases have held that external remedies, such as the DOJ EEO Complaint Process, must also be exhausted. *See, e.g.*, *Cardenas-Uriarte v. United States*, No. 14-cv-00747-JPG-PMF, 2015 WL 5161316, at *4 (S.D. Ill. Sept. 1, 2015); *Zoukis v. Wilson*, No. 1:14cv1041 (LMB/IDD), 2015 WL 4064682, at *10 (E.D. Va. July 2, 2015) ("[C]ourts have found that, before filing any action challenging prison conditions, an inmate must exhaust all remedies, even those 'external' to the prison system."); *William G. v. Pataki*, No. 03 Civ. 8331 (RCC), 2005 WL 1949509, at *5 (S.D.N.Y. Aug. 12, 2015) ("[T]he DOJ procedures provide the opportunity to internally resolve disputes and give incentive to prison officials to do so that the prisoner-grievance process does not.") (disagreeing with *Veloz*, 339 F. Supp. 2d 505). This Court finds it unnecessary to resolve this issue at this time.

consider the letter submitted by Defendants in support of their motion. To survive a

motion to dismiss based on Rule 12(b)(6), "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)).

Second, even if the letter was considered, dismissal would not be warranted

because there are disputed issues of fact as to whether the DOJ EEO Complaint Process

was an "available" remedy. "Under § 1997e(a), the exhaustion requirement hinges on the

'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available

remedies, but need not exhaust unavailable ones. And that limitation on an inmate's duty

to exhaust . . . has real content." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). In *Ross*, the

Supreme Court recognized "three kinds of circumstances in which an administrative

remedy, although officially on the books, is not capable of use to obtain relief." 136 S.

Ct. at 1859. Two of those circumstances are potentially applicable here.[2] First, "an

administrative scheme might be so opaque that it becomes, practically speaking,

incapable of use. In this situation, some mechanism exists to provide relief, but no

ordinary prisoner can discern or navigate it." *Id.* Second, a procedure or remedy is

---

[2]     The other circumstance described in *Ross* is when an administrative procedure
"operates as a simple dead end – with officers unable or consistently unwilling to provide
any relief to aggrieved inmates." 136 S. Ct. at 1859.

unavailable "when prison administrators thwart inmates from taking advantage of a

grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

*Goebbert v. Lee County*, 510 F.3d 1312 (11th Cir. 2007), cited with approval in

*Ross*, 136 S. Ct. at 1859, 1860 n.3, is instructive because it addressed the availability of a

grievance appeal procedure that was not included in a county jail's inmate handbook. The

procedure was "laid out in the jail's General Operating Procedures," but "no inmate was

ever permitted to see those procedures  . . . ." 510 F.3d at 1322. Under these

circumstances, the court found that the appeal procedure was unavailable: "That which is

unknown and unknowable is unavailable . . . . If we allowed jails and prisons to play

hide-and-seek with administrative remedies, they could keep all remedies under wraps

until after a lawsuit is filed and then uncover them and proclaim that the remedies were

available all along." *Id.* at 1323. Similarly here, Plaintiff alleges that Defendants "have

not told" him that he "needs to exhaust any other administrative process regarding his

PKU-related complaint" aside from the internal processes that he already exhausted.

(Am. Compl. ¶ 22.) "Specifically, Defendants have not told Plaintiff that he needs to

complete the [DOJ EEO] Complaint Process set forth in 28 C.F.R. § 39.170." (*Id.*)

Moreover, "Defendant's handbook for inmates at FMC-Rochester does not contain any

reference to the DOJ EEO Complaint Process. Defendants' Administrative Remedy

Program Policy also does not contain any reference to the DOJ EEO Complaint Process."

(*Id.*) These allegations, which must be accepted as true at this stage, support the

conclusion that the DOJ EEO Complaint Process was not available to Plaintiff for

purposes of the PLRA. Therefore, Plaintiff states a claim for relief under §504 of the

Rehabilitation Act.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that Defendants' Motion to Dismiss (Doc. No. 43) be **DENIED**.

Date:  November 22, 2016

*s/ Becky R. Thorson*
_____
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is
therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local
Rule 72.2(b)(1), a party may file and serve specific written objections to this Report by
**November 30, 2016**. A party may respond to those objections within **fourteen days** after
service thereof. LR 72.2(b)(2). All objections and responses must comply with the word
or line limits set forth in LR 72.2(c).

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to
review a transcript of the hearing in order to resolve all objections made to this Report
and Recommendation, the party making the objections shall timely order and file a
complete transcript of the hearing within **ten days** of receipt of the Report.